HULBERT and others *vs.* CARVER and others.

Where the plaintiffs deposited money with the defendants, who were bankers, at Chicago, and received from them a certificate stating that the plaintiffs had deposited in their office " $1781.42, Ills. cy., payable to the order of themselves" on the return of the certificate; *Held* that the fair construction of the terms "Ills. cy.," if applied to the payment of the certificate, was that the same might be paid in bills of banks which at the time of payment were received and passed as ordinary currency in Illinois, in the usual transactions of business; but that payment could not be made in the same bills which were received by the defendants.

*Held also,* that it was erroneous to hold that the defendants were bound to pay in specie, or in bills which passed at par in Chicago.

APPEAL from a judgment rendered at a special term, after a trial at the circuit.

*By the Court,* INGRAHAM, P. J.    The plaintiffs deposited money with the defendants, who were bankers in Chicago, and received from them a certificate stating that the plaintiffs " have deposited in this office seventeen hundred and eighty-one $\frac{42}{100}$ dollars, Ills. cy., payable to the order of themselves on return of this certificate." The question which arises on this certificate is as to the funds in which it is payable.

We can easily guess what was intended by the letters "Ills. cy.," but that is not the mode which the law adopts to ascertain the meaning of doubtful terms.    It was the duty of the party relying on these terms, as affecting the contract of deposit, to show by parol what was intended.    That such evidence was admissible was settled in the case of *Dana* v. *Fiedler,* (1 *E. D. Smith,* 463, *affirmed* 12 *N. Y. Rep.* 40.) The court excluded evidence offered, to show that these terms applied to the mode of payment.    Taking it for granted that these terms mean Illinois currency, and were intended to refer to the mode of payment, the question arises whether such payment may be made in the same bills as were received by the defendants.    The question is not free from difficulty.    It must be obvious that the certificate does not purport to be

Hulbert *v.* Carver.

payable in that currency, but states that the defendants have received an amount of dollars in that currency, payable to the order of the depositor. The only ground on which the defendants would be relieved from paying in specie, would be that the defendants acknowledged the receipt of a particular article which they were to return to the plaintiffs. If the certificate can bear this construction, then I do not see why the defendants may not return to the plaintiffs the identical bills, of the same banks, which they have received from them, irrespective of the amount of credit which they had at the time, in Illinois. But if the evidence does not show such to be the meaning of the terms, then the only proper construction which could be given to them, (if it was proven that these terms were used merely to designate the mode of payment,) would be that the same was payable in bills current at the time in Illinois. It could hardly be consistent with a fair interpretation of the contract, that the defendants might receive bills of banks on deposit, at the time worth quite or nearly par, and after using the same, be allowed to repay the amounts in the same kind of money, even though it had become, since the deposit, worthless.

The fair construction of the terms " Ills. cy.," if applied to the payment of this certificate, would be that the same might be paid in bills of banks which, at the time of payment, were received and passed as ordinary currency in the state, in the ordinary transactions of business.

An error seems to have occurred at the trial in holding that the defendants were bound to pay in specie, or in bills which passed at par in Chicago. Such, at any rate, was not the contract. The terms used applied to the state, and not to Chicago. And it was not a part of it that the bills should be equal to par value. If they passed at their nominal amount, in ordinary transactions throughout the state, then a payment made in such bills would, I think, have answered the contract ; at any rate, there is not evidence enough for us now to express a more definite opinion on this question.

---

There must be a new trial, where the difficulties may be removed by evidence.

The judgment should be reversed and a new trial ordered; costs to abide the event.

